# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CECIL C. LILLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:07-0018 |
| v. ) | Judge Campbell / Knowles |
| ) | |
| SERVICE SOLUTIONS CORP. ) | |
| and SHARON TEMPLE, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendants' "Motion To Dismiss Or, In The Alternative, For Summary Judgment."[1] Docket Entry No. 11. Defendants have contemporaneously filed a supporting Memorandum of Law (Docket Entry No. 13-1), a "Statement of Material Facts As To Which There Is No Genuine Issue" (Docket Entry No. 12), a Certified Order (Docket Entry No. 13-2), a Sworn Denial (Docket Entry No. 13-3), a Trial Brief (Docket Entry No. 13-4), and the

---

[1]The Motion to Dismiss is filed pursuant to Fed. R. Civ. P 12(b)(6). Rule 12(b) states in part:
> If, on a motion asserting the defense numbered (6) to dismiss for
> failure of the pleading to state a claim upon which relief can be
> granted, matters outside the pleading are presented to and not
> excluded by the court, the motion shall be treated as one for
> summary judgment and disposed of as provided in Rule 56.

In ruling on the instant Motion, the Court will consider only matters set forth in the pleading and facts of which the Court has taken judicial notice. Thus, the Court will not consider matters outside the pleadings, and will not treat the Motion as a Motion for Summary Judgment. *See* **Moore's Federal Practice 3d** § 12.34[2], p. 12-69.

1

Transcript of December 15, 2006 Court Proceedings before the Honorable John Arron Holt (Docket Entry Nos. 13-5).

Plaintiff, acting pro se, has not filed a Response to Defendants' Motion or "Statement of Material Facts As To Which There Is No Genuine Issue."

Plaintiff filed this action pursuant to 42 U.S.C. § 2000e, *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), and 29 U.S.C. § 201, *et seq.*, Fair Labor Standards Act ("FLSA"). In his Complaint, Plaintiff alleges that, because of his race, Defendants did not pay him for some overtime hours he worked. Docket Entry No. 1. Plaintiff sues Service Solutions Corporation ("Service Solutions") and Contract Manager Sharon Temple, who was Plaintiff's supervisor. *Id.* Plaintiff seeks compensatory damages. *Id.*

Defendants filed the instant Motion and accompanying materials on February 20, 2007. Docket Entry Nos. 11-13. Defendants argue that Plaintiff's Title VII claim against them should be dismissed because "Plaintiff did not file his EEOC charge within 300 days of the alleged discrimination, thereby failing to exhaust his administrative remedies with the EEOC before filing suit."[2] Docket Entry No. 13-1, p. 2. Defendants additionally argue that Plaintiff's FLSA claim must be dismissed because "this claim was fully litigated and adjudicated in Defendant Sharon Temple's favor in a proceeding before the General Sessions Court of Davidson County, Tennessee, styled Cecil Lillard v. Sharon Temple, Case No. 06CC20940." *Id.* Defendants maintain that Plaintiff's FLSA claim, therefore, is barred by the doctrine of *res judicata*. *Id.*

---

[2]Defendants further maintain that even if Plaintiff had timely filed his charge with the EEOC, Plaintiff's individual Title VII claim against Defendant Temple would have to be dismissed because she was Plaintiff's supervisor, not his employer, and because Title VII only imposes liability upon employers. Docket Entry No. 13-1, p. 2.

2

Plaintiff filed his EEOC Charge of Discrimination on January 9, 2007. Plaintiff's EEOC Charge states as follows:

> I was hired by SSC Service Solution (Southeast Service Corporation) on February 28, 2005. I believe from March 2005 through October 2005, I was paid incorrectly. My paychecks were short on numerous occasions. Sharon Temple corrected my check on one occasion, but not the others. Then information was put on my timesheets [*sic*] after I signed them. It was fraudulent information that I did not agree to. I have made many attempts to get this situation straightened out but it has been unsuccessful.
>
> I think this has happened because I am on a fixed income and because of my race, African American.
>
> I believe that I have been discriminated in violation [of] Title VII of the Civil Rights Act of 1964, as amended.

Docket Entry No. 5, p. 2.[3] The EEOC dismissed Plaintiff's Charge on January 17, 2007, because the Charge was not timely filed. *Id.*, p. 3.

As has been discussed, Defendants argue that Plaintiff's Title VII claims against them must be dismissed because "Plaintiff did not file his EEOC charge within 300 days of the alleged discrimination, thereby failing to exhaust his administrative remedies with the EEOC before filing suit." Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII action. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). The exhaustion of administrative remedies is a condition precedent to a Title VII action. *See Zipes v. TWA,* 455 U.S. 385, 392-298 (1982). In order to exhaust administrative remedies, a plaintiff must file an EEOC

---

[3]Although Plaintiff avers in his EEOC Charge that the discrimination occurred from March 2005 through October 2005, Plaintiff also indicated in his EEOC Charge that the "Earliest" date the discrimination took place was March 1, 2005, and the "Latest" date the discrimination took place was November 4, 2005. Docket Entry No. 5, p. 2. Whether the discrimination ceased in October or November is immaterial to the case at bar, however, as the Charge would be untimely filed either way.

3

charge within 180 days of the alleged unlawful employment practice or, if the plaintiff has instituted proceedings with a state or local agency, within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000-e5(e). Once the EEOC dismisses the charge and issues a right-to-sue letter, the plaintiff has 90 days to file a civil action. *See* 42 U.S.C. § 2000-e5(f)(1). These time limits do not constitute a jurisdictional prerequisite to filing suit, but are subject to waiver, estoppel, and equitable tolling. *See Zipes*, 455 U.S. at 393. Federal courts apply equitable tolling sparingly. *See Irwin*, 498 U.S. at 96. A plaintiff must demonstrate facts showing his diligence in pursuing the claim. *See Morgan v. Washington Mfg. Co.,* 660 F.2d 710, 712 (6th Cir. 1981).

Taking the allegations of Plaintiff's pleadings as true, Plaintiff's discrimination ceased in October or November 2005 (*see* note 2, *supra*). Plaintiff did not file his EEOC Charge until January 9, 2007, some 13 or 14 months later. Plaintiff's Complaint presents no detail concerning any efforts to exhaust his Title VII claim. The sparse allegations of Plaintiff's Complaint provide no basis sufficient to toll the statute of limitations. Accordingly, Plaintiff's Title VII claim is barred by the statute of limitations.

The allegations of Plaintiff's Complaint also raise a claim under the FLSA. As has been discussed, Plaintiff filed a claim against Defendant Sharon Temple in the General Sessions Court of Davidson County, Tennessee at Nashville, alleging that he had not been paid for some regular and overtime hours worked. *Cecil Lillard v. Sharon Temple,* Case No. 06CC20940.[4] Although Plaintiff's Civil Warrant (the functional equivalent of a Complaint in General Sessions Court) did not refer to the Fair Labor Standards Act, Plaintiff stated, "my overtime and reg. time has been taken

---

[4]Pursuant to Fed. R. Evid. 201, the Court will take judicial notice of the proceedings in that case.

4

away from me." Civil Warrant, *Cecil Lillard v. Sharon Temple,* Case No. 06CC20940. Defendant filed a Sworn Denial (the functional equivalent of an Answer in General Sessions Court) and a "Trial Brief," both of which referred to regular pay and overtime pay under the FLSA. *See* Sworn Denial and Trial Brief, *Cecil Lillard v. Sharon Temple,* Case No. 06CC20940.

In the General Sessions Court action, Plaintiff sued only Ms. Temple - he did not sue SSC. At the trial, Ms. Temple testified that she was employed by SSC in the position of contract manager. Hearing Transcript, *Cecil Lillard v. Sharon Temple,* Case No. 06CC20940, p. 55. She further testified, "That entails hiring, supplies, payroll, problem-solving, making sure we do all the paperwork," and that she had hired Mr. Lillard. *Id.*

The statutory definition of "employer" under the Fair Labor Standards Act provides:

> "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee.

29 U.S.C. § 203(d). Thus, Ms. Temple was "an employer" under the FLSA and was subject to individual liability and/or joint and several liability with SSC for FLSA violations. *See Mitchell v. Chapman*, 343 F.3d 811, 827 (6th Cir. 2003); 29 CFR § 791.2(a) (all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the [FLSA], including over time provisions").

After a trial on the merits, Judge Holt dismissed the case stating in part:

> I just - from hearing all the evidence, I can't sustain your claim. They might have put something messed up there [*sic*], but it's not clear from any of the records that they owe you any extra over time or any other pay. So I'm going to have to respectfully dismiss the case. I think they've proven their case.

Hearing Transcript, *Cecil Lillard v. Sharon Temple,* Case No. 06CC20940, p. 68

Plaintiff did not appeal Judge Holt's decision.

5

Defendants maintain that Plaintiff's FLSA claim is barred by the doctrine of *res judicata*. R*es judicata* is a "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action [.]" *Richardson v. Tenn. Bd. Of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) (alteration in original)*quoting* **Black's Law Dictionary** 1172 (5th ed.1979). It is a claim preclusion doctrine that prohibits a subsequent lawsuit between the same parties with respect to all issues that were or could have been litigated in a previous suit. *Massengill v. Scott,* 738 S.W.2d 629, 631 (Tenn. 1987).

Plaintiff's claim in *Cecil Lillard v. Sharon Temple,* Case No. 06CC20940 was that he was owed money, including overtime pay, for hours worked, which is the same claim presented in the instant case. Although Defendant Temple was the only named defendant in the General Sessions Court action, Defendant Service Solutions is her privy,[5] particularly since Ms. Temple and SSC could have been held jointly liable for Plaintiff's claims. Thus, Judge Holt's dismissal of Plaintiff's claim against Defendant Temple extends to Service Solutions as well. Judge Holt's dismissal was a final judgment on the merits, as he considered all the evidence and determined that Plaintiff had not proven his case, and Plaintiff did not appeal.

Because Plaintiff seeks to bring the same claim against the same party and her privy, and because *Cecil Lillard v. Sharon Temple,* Case No. 06CC20940 was a final judgment on the merits, Plaintiff's FLSA claim is barred by the doctrine of *res judicata*.

---

[5]Blacks Law Dictionary defines a privy as, "A person having a legal interest of privity in any action, matter, or property; a person in privity with another." **Black's Law Dictionary**, 7th ed. 1999.

For the foregoing reasons, the undersigned concludes that Plaintiff has failed to state a claim upon which relief can be granted. Thus, the undersigned recommends that Defendants' Motion to Dismiss be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied,* 474 U.S. 1111 (1986).

_____
E. CLIFTON KNOWLES
United States Magistrate Judge